**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARTHA BUSH,

                Plaintiff,

                                          Case No. 3:11-cv-1004-J-JRK

vs.

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I. Status**

Martha Bush ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "chronic lymphocytic colitis, depression, glaucoma, anxiety, [and] insomnia." Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed April 27, 2012, at 81. On March 31, 2009, Plaintiff filed an application for DIB, Tr. at 79-80, alleging an onset date of January 1, 2009, Tr. at

---

       [1]      Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

       [2]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed April 27, 2012; Reference Order (Doc. No. 17), entered May 3, 2012.

179-80, 182-83.[3] Plaintiff's application was denied initially, see Tr. at 91-92, and was denied upon reconsideration, see Tr. at 140-41.

On April 27, 2011, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified. Tr. at 26-78. At the time of the hearing, Plaintiff was fifty (50) years old. See Tr. at 31. The ALJ issued a Decision on May 19, 2011, finding Plaintiff not disabled since January 1, 2009, the alleged onset date. Tr. at 11-20. On August 26, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On October 11, 2011, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two (2) issues on appeal. See Memorandum in Support of Complaint (Doc. No. 18; "Pl.'s Mem."), filed May 18, 2012. Generally, those issues are as follows: 1) Plaintiff assigns error to the ALJ's step two finding and argues that Plaintiff's mental health impairments should have been found to be severe, Pl.'s Mem. at 6; and 2) Plaintiff asserts that the ALJ "erred by not properly evaluating the Plaintiff's colitis impairments," id. at 8 (emphasis and capitalization omitted).

In response to Plaintiff's first issue, Defendant argues that "if Plaintiff has any 'severe' impairment or combination of impairments, it is not legally relevant that one of her specific impairments was not severe" because the ALJ completed the sequential inquiry and made specific findings at each step. Memorandum in Support of the Commissioner's Decision

---

[3] The summaries of Plaintiff's application are dated April 25, 2009 and July 13, 2009. See Tr. at 179-80, 182-83.

(Doc. No. 20; "Def.'s Mem."), filed August 14, 2012, at 4.  As to Plaintiff's second issue, Defendant argues that "[t]he ALJ reviewed the record as a whole" and "fully accommodated" Plaintiff's limitations regarding her colitis issues and her need to use a restroom.  Id. at 8, 9.

After careful consideration of the parties' respective memoranda, the undersigned determines that this matter is due to be affirmed for the reasons explained herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 13-21.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since January 1, 2009, the alleged onset date."  Tr. at 13 (emphasis and citation omitted).  At step two, the ALJ found Plaintiff "exhibits the signs and symptoms of the following severe impairment:

---

4      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

chronic lymphocytic colitis." Tr. at 13 (emphasis and citation omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 17 (emphasis and citations omitted).

> The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):
>
> [Plaintiff can] perform a full range of work at all exertional levels. It is necessary for her to avoid driving at night, however, due to the symptoms of preglaucoma. [Plaintiff's] digestive impairment requires her to be given the opportunity to take up to two unscheduled breaks per day and to work in a non-production-pace work setting, near a bathroom.

Tr. at 17 (emphasis omitted).  At step four, the ALJ found that Plaintiff's "current impairments do not preclude the performance of her past relevant work as a social services worker or reception clerk."  Tr. at 19 (emphasis omitted).  Although not required to do so because of the step four finding, the ALJ proceeded to step five and made the following alternative finding. Tr. at 19-20. The ALJ determined that "considering [Plaintiff's] age, education, work experience, and [RFC], there are other jobs existing in the national economy that [Plaintiff] retains the ability to perform[,]" including office helper, gate attendant, parking-lot attendant, table worker, stuffer, and telephone order clerk. Tr. at 19-20 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . since January 1, 2009, through the date of th[e D]ecision."  Tr. at 20 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."

-4-

Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.  Discussion

As noted above, Plaintiff raises two issues on appeal.  Each is discussed in turn.

### A.  Plaintiff's First Issue

Although Plaintiff generally frames the first issue as an attack on the ALJ's step two finding, Plaintiff advances two main arguments within this issue: 1) the ALJ erred in finding Plaintiff's mental health impairments are not severe; and 2) the ALJ erred by not including limitations stemming from Plaintiff's mental health impairments in the  hypothetical question presented to the VE.  See Pl.'s Mem. at 8.

-5-

### 1. Severity of Plaintiff's Mental Health Impairments

Plaintiff argues the ALJ erred in finding that Plaintiff's "major depressive disorder and obsessive compulsive disorder" are not severe. Pl.'s Mem. at 6. In responding, Defendant basically contends that this argument is a non-issue because the ALJ completed the sequential inquiry after finding at least one impairment (chronic lymphocytic colitis) to be severe. Def.'s Mem. at 4-5.

At step two of the sequential evaluation process, the ALJ must determine if a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id.; see also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (stating "[a] claimant bears a heavy burden of establishing the existence of a disability [by first showing] that her impairment prevents her from performing her previous work"). Further, "[t]he severe impairment either must have lasted or must be expected to last for at least 12 months." Davis v. Barnhart, No. 06-11021, 186 F. App'x 965, 967 (11th Cir. 2006) (unpublished) (citing Barnhart v. Walton, 535 U.S. 212, 216 (2002)).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen v. Yuckert, 482 U.S. 137, 148 (1987). The Regulations provide six examples of "basic work activities": (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and unusual work situations; and (6) Dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b); see also Davis, 186 F. App'x at 966-67.

With regard to mental limitations, an ALJ is required to rate degrees of limitation in four broad functional areas: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(c)(3). The Regulations provide, "If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1); see also 20 C.F.R. § 404.1521.

Here, at step two, the ALJ found Plaintiff had one severe impairment: "chronic lymphocytic colitis." Tr. at 13 (emphasis omitted). The ALJ explained in detail why Plaintiff's "major depressive disorder and obsessive compulsive disorder, considered singly and in combination, do not cause more than a minimal limitation in [Plaintiff's] ability to perform basic mental work activities." Tr. at 14. As far as the four broad functional areas for evaluating mental disorders, the ALJ found as follows. Plaintiff has no limitation in activities

of daily living, Tr. at 15 (citing Tr. at 31-70, 206, 264-75); Plaintiff has mild limitation in social functioning, Tr. at 15 (citing 204, 264-75, 472-83, 495); see Tr. at 443; Plaintiff has mild limitation in concentration, persistence, or pace, Tr. at 16 (citing Tr. at 33-34, 49, 55-57, 205, 223, 264, 274, 275); and Plaintiff has experienced no episodes of decompensation of extended duration, Tr. at 14-15; see Tr. at 274.  The ALJ, therefore, found Plaintiff's mental impairments "not severe."  See Tr. at 13; see also 20 C.F.R. § 404.1520a(d)(1); 20 C.F.R. § 404.1521.  These findings are supported by substantial evidence.

It appears that Plaintiff is largely concerned with the ALJ's treatment of Plaintiff's Global Assessment of Functioning ("GAF") scores.  Pl.'s Br. at 7-8.  Plaintiff contends that "[b]ased on the GAF scores from 2010 the [P]laintiff had moderate and not mild limitations." Pl.'s Br. at 7.  Such a contention standing alone is generally insufficient to warrant reversal, because "the Commissioner has declined to endorse the GAF scale for 'use in the Social Security and [Supplemental Security Income] disability programs,' and has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" Wind v. Barnhart, 133 F. App'x 684, 692 n.5 (11th Cir. 2005) (unpublished) (quoting Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746-01, 2000 WL 1173632 (Aug. 21, 2000)); see also Wilson v. Astrue, 653 F. Supp. 2d 1282, 1293 (M.D. Fla. 2009).  The undersigned recognizes that as a result of the Commissioner's refusal to endorse the GAF scale, and due to the subjectivity of the clinician's determination involved in assigning the GAF score, courts appropriately assign GAF scores limited weight in reviewing an ALJ's determination regarding a plaintiff's functional capacity.  Indeed, as this Court previously noted, "Reliance upon a GAF score is

of questionable value in determining an individual's mental functional capacity." Gasaway v. Astrue, No. 8:06-cv-1869-T-TGW, 2008 WL 585113, at *4 (M.D. Fla. Mar. 3, 2008) (unpublished) (citing Deboard v. Comm'r Soc. Sec., 211 F. App'x 411, 415-16 (6th Cir. 2006)).

The ALJ afforded "little weight to the assignment of [GAF] scores in the moderate range after November 2009." Tr. at 16 (internal quotations omitted); see Tr. at 474, 477, 482, 484, 486. The ALJ reasoned as follows: "Even overlooking the fact that the majority of these scores did not come from an acceptable medical source, . . . it is clear that there appears to be little consistency for the assignment of a particular score at any time." Tr. at 16 (internal quotations and citation omitted); see Tr. at 474, 477, 482, 484, 486. The ALJ also stated that "[t]he results of the most recent mental status examination – including the reference to 'mild' depression and to an abatement of intrusive thoughts – do not appear consistent with a GAF score in the 50s either." Tr. at 16 (citing Tr. at 473-74). The undersigned has reviewed the ALJ's reasoning and finds it to be supported by substantial evidence.

Assuming merely for purposes of argument that the ALJ erred by finding Plaintiff's mental health impairments are not severe, any error would be harmless. "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (unpublished); see Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987) (recognizing that "the finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is sufficient to satisfy step two). Even if an ALJ's finding that an impairment is not severe at step two is

considered error, such error is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 903 (11th Cir. 2011) (unpublished); see Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

When considering Plaintiff's mental health impairments, although found to be not severe, the ALJ considered the impairments "singly and in combination." Tr. at 14. The ALJ further found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 17 (emphasis and citation omitted). Then, the ALJ proceeded through the sequential evaluation process and noted that she carefully considered the "entire record" in determining Plaintiff's RFC. Tr. at 17; see Burgin v. Comm'r of Soc. Sec., 420 F. App'x at 903; Heatly, 382 F. App'x at 825; see also Jones v. Dept. of Health & Human Servs., 941 F.2d 1529, 1533 (11th Cir. 1991) (recognizing that a simple expression that the ALJ considered a claimant's impairments in combination constitutes a sufficient statement of such findings). Therefore, even if an error could be identified, the error would be harmless.

### 2. Hypothetical to VE

Plaintiff contends that "some consideration of the limitations with regard to [Plaintiff's] mental health issues should have been included in the hypothetical to the [VE]." Pl.'s Br. at 8. Plaintiff fails, however, to allege any limitations that should have been included in the

hypothetical. See id. Plaintiff then recognizes, "Although the ALJ erred by not appropriately including the effects of any mental health impairments, it does not ultimately mean that the [P]laintiff will be successful in her disability claim." Id. Responding, Defendant contends that "the ALJ reasonably found Plaintiff had no limitations resulting from her mental impairments, and Plaintiff has failed to show that the record established limitations." Def.'s Mem. at 5.

As discussed above, the ALJ properly considered Plaintiff's mental health impairments and determined that the limitations "cause [no] more than a minimal limitation in [Plaintiff's] ability to perform basic mental work activities." Tr. at 14. The ALJ's findings and reasoning are supported by substantial evidence. The ALJ, therefore, was not required to include any alleged mental limitation in the hypothetical to the VE.

### B. Plaintiff's Second Issue

The second issue is whether the ALJ "erred by not properly evaluating the Plaintiff's colitis impairments." Pl.'s Mem. at 8 (emphasis and capitalization omitted). Although not a model of clarity, Plaintiff's contentions in relation to her second issue can be interpreted in two ways: 1) as an attack on the ALJ's RFC finding that Plaintiff needs only two unscheduled bathroom breaks per day; and 2) as an attack on the reasoning the ALJ provided for discrediting Plaintiff's testimony. See id. at 8-11. Given that the analysis for these two interpretations largely overlaps, the undersigned first sets out the applicable law for analyzing an RFC finding and a credibility finding, then provides a combined analysis.

In determining an individual's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments . . . ." SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990)

-11-

(stating "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citation omitted).

"[C]redibility determinations are the province of the ALJ." Moore, 405 F.3d at 1212. The ALJ "must articulate explicit and adequate reasons" for finding a claimant "not credible." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). After considering the claimant's subjective complaints, "the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citing Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984)).

Here, after summarizing Plaintiff's testimony given at the hearing, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms"; however, according to the ALJ, "The evidence of record . . . does not fully support the functional limitations ascribed to them by [Plaintiff]." Tr. at 18. The ALJ provided, in substance, the following reasons for discrediting Plaintiff's testimony regarding her

symptoms relating to her chronic lymphocytic colitis.  The ALJ pointed out that although Plaintiff asserted "that she quit working due to the limiting effects of her daily symptoms or treatment, . . . the mental health treatment notes refer to a complete absence of colitis symptoms between November 2008 and February 2009." Tr. at 18 (citing Tr. at 328).  The ALJ noted that Plaintiff "did not attempt to file for [DIB], or to maintain an [inflammatory bowel disease] log, until the failure to sell the home and to find a new job began to sap her financial resources." Tr. at 18 (citing Tr. at 497); see also Tr. at 328, 481.  The ALJ relied on the lack of treatment between November 2008 to October 2009, reasoning that "[t]his gap in treatment does not support in any way the allegations of ten to fourteen bowel movements per day in [Plaintiff's] initial disability report." Tr. at 18 (citing Tr. at 213).  Further, the ALJ recognized that "[e]ven at the next follow-up visit [(in October 2009)], [Plaintiff] did not allege weight loss or poor appetite." Tr. at 18 (citing Tr. at 503); see also Tr. at 502.  Medication seemed to help Plaintiff.  See Tr. at 18; see also Tr. at 470-71, 507-09.  According to the ALJ, Plaintiff asserted "at the hearing that it is possible for her to avoid accidents with the use of Pepto Bismol chewables or Imodium." Tr. at 19; see Tr. at 51.  The ALJ observed that Plaintiff's "symptoms did not cause her to quit performing her harp in public, to quit doing puppet shows in an elderly home, or to stop officiating at weddings." Tr. at 19; see Tr. at 196-202 (Plaintiff's self employment earnings from 2009-2011).  The ALJ noted that Plaintiff "continue[d] to go to social functions" and "to escort her mother to Wal-Mart on a regular basis." Tr. at 19; see Tr. at 56-57. Finally, the ALJ "add[ed] that (1) [Plaintiff's] pain and diarrhea do not limit her ability to do her laundry and to wash dishes [see Tr. at 55, 206]; (2) it is unlikely [Plaintiff's] mother does the majority of the household chores, given the earlier reference to her disabling

arthritic back [see Tr. at 206, 334, 497]; and (3) the treatment notes do not support [Plaintiff's] allegations of persistent and severe disability fatigue with the use of medication [see Tr. at 468, 473, 485, 487, 489, 491, 497]." Tr. at 19 (internal quotations and citations omitted).

The ALJ considered the appropriate factors in assessing Plaintiff's credibility, and the ALJ listed numerous explicit and adequate reasons for discrediting Plaintiff's testimony.[5] The ALJ also appropriately analyzed the medical evidence of record and found that Plaintiff needed no more than two unscheduled restroom breaks per day. The ALJ's reasons, on the whole, are supported by substantial evidence. The undersigned, therefore, finds no error in the ALJ's credibility determination of Plaintiff or in the ALJ's RFC analysis.[6]

## V. Conclusion

After thoroughly reviewing the parties' filings, the administrative transcript, and the remainder of the file, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

---

[5] The ALJ accounted for Plaintiff's need to use the restroom in the RFC by limiting her to work that would allow her "to take up to two unscheduled breaks per day and to work in a non-production-pace work setting, near a bathroom." Tr. at 17 (emphasis omitted). These limitations are the limitations that the ALJ found reasonable and further found to be supported by the record. The undersigned agrees.

[6] Plaintiff has one sentence at the end of the discussion of her second issue that requests an "additional assessment . . . by an independent medical consultant to determine the severity of the condition." Pl.'s Mem. at 11. The Scheduling Order (Doc. No. 16), entered April 30, 2012, advises that any argument "not supported by citation to the record of the pertinent facts and by citations of the governing legal standards . . . is subject to being disregarded for insufficient development." The request for an additional examination is not developed and therefore, need not be considered. See, e.g., Hutchinson v. Astrue, 408 F. App'x 324, 326 n.1 (11th Cir. 2011) (unpublished) (deeming an issue waived when a claimant made "passing reference" to an impairment without supporting it with argument) (citing Davis v. Jones, 506 F.3d 1325, 1330 n.8 (11th Cir. 2007)). Regardless, the administrative transcript contains sufficient evidence on which the ALJ based her Decision, so an independent examination was unnecessary. See Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1269 (11th Cir. 2007) (recognizing that while "[t]he [ALJ] has a duty to develop the record where appropriate[,]" the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision") (citation omitted).

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2.      The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 5, 2013.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:
Counsel of Record